# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-03360

WAYNE WHEELS,

        Plaintiff,

v.

KODIAK BUILDING PARTNERS and,
BARTON MATERIALS

        Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and D.C.COLO.LCivR 81.1, Defendant Barton Materials, LLC, ("Barton")[1] through undersigned counsel, hereby remove the state court action captioned, *Wayne Wheels v. Kodiak Building Partners and Barton Materials*, Civil Action No. 2023CV224 from the District Court, Arapahoe County, Colorado to the United States District Court for the District of Colorado.

**I.    STATE COURT ACTION**

1. Plaintiff Wayne Wheels, *pro se*, commenced this action on September 1, 2023, by filing a Complaint in the District Court, Arapahoe County, Colorado, entitled *Wayne Wheels v. Kodiak Building Partners & Barton Materials*, Civil Action 2023CV224. The Complaint is

---

[1] Although Plaintiff named "Kodiak Building Partners" as a Defendant, Defendants are not aware of a legal entity bearing the name "Kodiak Building Partners." Barton's parent company is Kodiak Investments, LLC, and, to the extent Plaintiff intended to name Kodiak Investments, LLC, that entity consents to removal.

attached as **Exhibit A,** the Civil Case Cover Sheet is attached as **Exhibit B,** and Exhibits 1-6 to the Complaint are attached as **Exhibits C–H**.

2. On September 1, 2023, the District Court, Arapahoe County, Colorado, issued a Summons for the Defendants, which is attached as **Exhibit I**.

3. The Court issued a Delay Reduction Order on September 5, 2023, which is attached as **Exhibit J**.

4. On September 6, 2023, each Defendant was served with the Summons and the Complaint, the Returns of Service are attached as **Exhibits K** and **L**.

5. On September 26, 2023, Defendants filed a Motion for Extension of Time, in which Defendants sought an extension of time to submit their response to the Complaint through October 11, 2023, which is attached as **Exhibit M**. On September 26, 2023, the District Court, Arapahoe County, Colorado, granted this motion, permitting Defendants to respond to the Original Complaint through October 11, 2023. This order is attached as **Exhibit N**.

6. On October 11, 2023, Defendants filed their Answer, which is attached as **Exhibit O**.

7. On November 20, 2023, Plaintiff filed a "Response" to Defendants' Answer, which is attached as **Exhibit P**.

8. On December 5, 2023, Plaintiff filed an "Amended Response" to Defendants' Answer, which is attached as **Exhibit Q.**

9. On December 5, 2023, Plaintiff also filed a "Notification of Revocation of Unsigned Settlement and Release Agreement," which is attached as **Exhibit R**.

10. Pursuant to 28 U.S.C. § 1446(a), **Exhibits A – R** comprise all of the "process, pleadings, and orders" filed in the state court action.

11. Pursuant to D.C.COLO.L.Civ.R 81.1(b), a copy of the current docket from the District Court, Arapahoe County, Colorado is also attached as **Exhibit S**. There are no pending motions, petitions, or related responses, replies, or briefs before the District Court, Arapahoe County, Colorado.

12. No further proceedings have occurred in the District Court, Arapahoe County, Colorado.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THE MATTER PURSUANT TO 28 § U.S.C. 1331.

13. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff's pleadings present a federal question.

14. Plaintiff's Complaint alleges a single claim for unpaid wages under Colo. Rev. Stat. §§ 8-4-101 *et. seq*. However, his filings styled as the "Response" and "Amended Response"— which appear to be purported amendments to the Complaint, *see* **Exs. P & Q**—for the first time assert claims under, *inter alia*, the Americans with Disabilities Act (the "ADA") and the Family and Medical Leave Act (the "FMLA") (collectively, "Federal Claims"). *E.g.*, Amended Response at p. 2 ¶ 2.a (alleging Defendants were "required to make a reasonable accommodation to the known disability" under the Americans with Disabilities Act"); p. 4 ¶ 4.a (alleging "interference" under the FMLA).

15. Therefore, Plaintiff's claims, as stated in the Response and Amended Response, arise under the Constitution and laws of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

3

treaties of the United States."); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) (holding that the presence of even one claim "arising under" federal law is sufficient for removal); *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1278 (11th Cir. 2003) ("For purposes of 28 U.S.C. § 1331 jurisdiction, all that is required is that there be an arguable claim arising under federal law."); *Thomas v. Bank of Am. Corp.*, 12-CV-00797-PAB-KMT, 2012 WL 1431224, at *2 (D. Colo. Apr. 25, 2012) ("Because plaintiff's fifth claim for relief asserts violations of the FDCPA, it indisputably arises under the laws of the United States, making this action removable.").

**III.   THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS.**

In his Complaint, Plaintiff also asserts claims of unpaid wages in the form of paid time off he alleges were due at the time of his termination of employment under the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et. seq.*, (the "CWCA Claims"). The controversy underlying the CWCA Claims, as well as Plaintiff's Federal Claims, arise out of Plaintiff's separation of employment with Defendant Barton. As Plaintiff's CWCA Claims are "part of the same case or controversy" as his Federal Claims, the Court's exercise of supplemental jurisdiction over Plaintiff's CWCA Claims is appropriate under 28 U.S.C. § 1367 and removal of all of Plaintiff's claims is proper.

Pursuant to 28 U.S.C. § 1367(c), a court can decline to exercise supplemental jurisdiction if:

> (1)   the claim raises a novel or complex issue of State law,
>
> (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

None of the four bases for declining supplemental jurisdiction exist in this case. Plaintiff's CWCA Claims are neither novel, nor complex, and they are based on the same set of facts as the claims over which the Court has original jurisdiction: his separation of employment with Defendant Barton. Additionally, there are no exceptional circumstances that justify declining exercise of supplemental jurisdiction over Plaintiff's CWCA Claims in this case. Because the CWCA Claims are based on the same set of facts, declining to exercise supplemental jurisdiction would result in two separate lawsuits regarding the same set of facts pending against the same defendant in two different forums at the same time. Accordingly, this Court should not decline to exercise supplemental jurisdiction over Plaintiff's CWCA Claims.

16. Therefore, pursuant to 28 U.S.C. § 1367, since this Court has original subject-matter jurisdiction over Plaintiff's Federal Claims and supplemental jurisdiction over the CWCA Claims, and because the CWCA Claims are based on the same facts as the Federal Claims, Defendants may remove this action pursuant to 28 U.S.C. §§ 1331 and 1441, because Plaintiff presents a federal question to be resolved.

## IV.     REMOVAL IS TIMELY

17. Pursuant to 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order ***or other paper from which it may first be ascertained that the case is one which is or has become removable***." *Id.* (emphasis added). "Under § 1446(b), the removal period

does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979).

18.   The Complaint asserts only claims under Colorado state law pursuant to the CWCA. *See* **Ex. A**, at 2 (alleging three claims for relief, each of which arises under Colo. Rev. Stat. §§ 8-4-101(15), 8-4-101(14)(a)(iii), 8-4-109(d)(ii)). In his "Response" to Defendants' Answer, Plaintiff, for the first time, asserted Federal claims—those asserted pursuant to the FMLA and ADA. **Ex. A**¸ at 2–6. Accordingly, the first time Defendants could "intelligently ascertain removability," was on November 20, 2023, when Plaintiff filed his "Response" to Defendants' Answer. *Huffman*, 194 F.3d at 1078.

19.   Removal of this action is timely because this Notice of Removal has been filed within thirty days of when Defendants received notice of Plaintiff's "Response" to Defendants' Answer.

20.   Defendants first received notice of Plaintiff's "Response" to Defendants' Answer on November 20, 2023, and thirty days from November 20, 2023, is December 20, 2023.

## V.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

21.   This Notice of Removal is being filed in the United States District Court for the District of Colorado, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

22.   Each Defendant consents to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

6

23. A Civil Cover Sheet and Supplemental Civil Cover Sheet have been filed contemporaneously with this Notice of Removal.

24. No previous application has been made for the relief requested in this notice.

25. In accordance with 28 U.S.C. § 1446(d), copies of the original Notice of Removal are being served on Plaintiff and filed with the District Court, Arapahoe County, Colorado.

## VI. CONCLUSION

WHEREFORE, Defendants respectfully request that this action proceed in this Court as an action properly removed to it.

Dated this 20th day of December, 2023.

*s/ David C. Gartenberg*
David C. Gartenberg
Nicholas Hankins
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: dgartenberg@littler.com
nhankins@littler.com

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served via U.S. mail on the following:

Wayne Wheels
1521 S. Fairplay Way
Aurora, Colorado 80012
Phone: 720.404.3187
Email: kng61258@icloud.com

*Pro Se Plaintiff*

*s/ Elisabeth L. Egan*
Elisabeth L. Egan