# EXHIBIT A TO
# DEFENDANTS' NOTICE OF REMOVAL

# WAYNE WHEELS v. KODIAK BUILDING PARTNERS and BARTON MATERIALS

# (Arapahoe County Case No. 2023CV224)

| Arapahoe County District Court |  |
|---|---|
| Arapahoe County, Colorado | DATE FILED: September 1, 2023 |
| Court Address: 7325 S. Potomac Street | CASE NUMBER: 2023CV224 |
| Centennial, CO 80112 | Filed SEP 01 2023 |
| | CLERK OF THE COMBINED COURT ARAPAHOE COUNTY, COLORADO |

Plaintiff(s): Wayne Wheels

v.

Defendant(s): Kodiak Building Partners
Barton Materials

▲ COURT USE ONLY ▲

My Name: Wayne Wheels
Street Address: 1521 S. Fairplay Way
City: Aurora   State: CO   Zip: 80012
Phone: 720-404-3187
Email: kng61258@icloud.com

Case Number: 23CV224
Div.: 14   Ctrm:

## DISTRICT COURT COMPLAINT

1. Jurisdiction

    I can file this case in Arapahoe, because: *(Check all that apply)*
    - ☒ The Defendant lives in Arapahoe.
    - ☒ The Defendant company does business in Arapahoe.
    - ☒ The actions took place in Arapahoe.

2. Defendant Information

    The contact information for the people responding to the lawsuit is:

    Registered Agent - The person that will accept legal documents for a company.
    Find a company's Registered Agent at www.sos.state.co.us

    - Defendant 1 Name: Kodiac Building Partners
    - Registered Agent: *(if a company)* Corporation Service Company
    - Street Address: 1900 W. Littleton Boulevard - Ste. 130
    - City/State/Zip: Highlands Ranch, CO 80129

    - Defendant 2 Name: Barton Materials
    - Registered Agent: *(if a company)* Corporation Service Company
    - Street Address: 1900 W. Littleton Boulevard - Ste. 130

- City/State/Zip: Highlands Ranch, CO 80129

- Defendant 3 Name: _____
- Registered Agent: *(if a company)* _____
- Street Address: _____
- City/State/Zip: _____

*List any additional Defendants on a separate piece of paper.*

3. Grounds

    List the legal ground(s) that allow you to start a lawsuit.

    *These are often called the Claims for Relief or Causes of Action.*

    - Claim 1 - C.R.S. 8-4-109 (d) (II) Commence a civil action.

        Against whom? *(Check one)*
        - ☒ All Defendants. Or
        - ☐ Just These Defendant(s): _____.

    - Claim 2 - C.R.S 8-4-101 (15) Written demand.

        Against whom? *(Check one)*
        - ☒ All Defendants. Or
        - ☐ Just These Defendant(s): _____.

    - Claim 3 - C.R.S. 8-4-101(14)(a)(III) Must be paid @ the end of relationship.

        Against whom? *(Check one)*
        - ☐ All Defendants. Or
        - ☐ Just These Defendant(s): _____.

    - Claim 4 - _____

        Against whom? *(Check one)*
        - ☐ All Defendants. Or
        - ☐ Just These Defendant(s): _____.

    *List any additional Claims on a separate piece of paper.*

4. Facts

    These are the facts of my case:

    > *The facts must qualify you for the legal grounds you are raising.*
    > *Attach additional pages as needed.*

1) Exhibit-1 Accommodating MMI Restrictions.

2) Exhibit-2 The Standard Denial.

3) 4. Facts - Attachment, with earned PTO/Vacation, check stub, Letters

4) 5. Request for relief.

5)

6)

7)

8)

9)

10)

11)

Civil Claim Wayne Wheels v. Kodiak Building Partners/Barton Materials

(4) Facts: Attachment

October 3, 2022, Plaintiff had been working light duty in the sales department since inception of an on the job-related lumbar and strained back injuries from prying 2,000 pounds of #4 bundled rebar off the truck.

March 8, 2023, Plaintiff was deemed MMI with an accommodated unscheduled PPD work restrictions of 25 pounds lifting or carrying, 10 pounds repetitive lifting with limited bending or twisting derived from the MMI improprieties from the work comp doctors. The Concentra clinical doctor questionably omitted the bending and twisting contraindications on the medical release form given to Plaintiff to give to HR. Said restrictions were indicative of not being able to drive or withstand the physicality unloading trucks. Cindy indicated the restrictions didn't imply I was unable to drive a 26,000-pound vehicle that would risk Plaintiff's multiple lumbar injuries or plausibly cause a fatality.

Complications of unquestionable facts of how MMI exam was fraudulently obtained. This matter has complicated CDLE (medical) Unemployment Benefits having an ongoing explanation contrary of what the doctor reported. This issue has been objected to while waiting for a DIME examination. This rating enabled bias omissions contradicting medical protocol to notify Barton that Plaintiff was not medically able to return to his prior occupation. Issuing weight restrictions and precluded limiting contraindications to procedurally thwart subsequent medical financial determinations.

Prior MMI the Defendant's permitted accommodation light duty restrictions, to eradicate costs of work-comp expenses. The Plaintiff was given pain medications and force to work even when injuries were initially indicative of needing some rest. Post MMI Plaintiff was told by HR he could not remain in light duty sales which was deemed fair during 5 months of light duty. Contrarily after the MMI determination it was not permissible to accommodate Plaintiff to remain in light duty sales nor make an accommodating job change offer in writing. Then terminated the PPD injured worker at will stemming from a work-related and ongoing injury treatment by volition was disparaging.

Prior termination Cindy Bucknell HR manager offered a few accomplished assignments that lasted about 3 weeks and Plaintiff wrote a letter regarding accommodating restrictions to see if Defendant would discuss accommodating restrictions and asked Cindy to sign it and she declined saying work-comp had not been finalized but did not offer any accommodating position in writing (exhibit – 1). Within a few days Plaintiff was terminated from no fault of his own and left the premises. Plaintiff returned all of Barton's driving uniform equipment.

Defendant's indifference was without good faith under the guise of work-comp and elected not to inform Plaintiff of any earned limited benefits; denied short term The Standard Insurance

While returning company uniforms to the other HR employee and Cindy came in and re-iterated there wasn't anything else she could find for me to do with said restrictions. In that moment I wasn't cognizant of all benefits or procedures HR was responsible for other than being compensated for hours worked, vacation, and returning company property. This was an opportunity HR had to absolve all withstanding obligations under Kodiak's procedures and failed to do so. I kept checking my ADP App confused why HR still had not addressed payment of earned vacation compensation. When terminated Plaintiff had approximately 62 plus hours, last checked it was 84.16 (Balance as of August 23, 2023) and climbing.

"Without good faith legal justification" means willfully withheld without good cause.

> (1) (a) When an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately. If at such time the employer's accounting unit, responsible for the drawing of payroll checks, is not regularly scheduled to be operational, then the wages due the separated employee shall be made available to the employee no later than six hours after the start of such employer's accounting unit's next regular workday; except that, if the accounting unit is located off the work site, the employer shall deliver the check for wages due the separated employee no later than twenty-four hours after the start of such employer's accounting unit's next regular workday to one of the following locations selected by the employer:
>
> (B) What *is* "vacation" payable upon separation is leave that is "usable at the employee's *discretion*" (Rule 2.17.1, emphasis added) — because an employee *does* have a right to payout for time they are *already entitled to*, without awaiting further qualifying conditions. Thus, if an employee departs with then they must be paid all such days.
>
> Accordingly, under the CWCA, *all vacation pay* that is earned and determinable must be paid at the end of the employment relationship, see §§ 8-4-101(14)(a)(III), -109(1)(a), C.R.S. (2020), and *any term* of an agreement that purports *to forfeit earned vacation pay is void*, see § 8-4-121, C.R.S. (2020).[2]
>
> Plaintiff upon money judgement under this section is entitled to reasonable attorney fees.

(Exhibit 2), Roth 401 information, denial of vision, dental benefits, and earned PTO/Vacation Exhibit #3).

Kodiak - C. Leave of Absence - Leave Under the Family & Medical Leave Act (FMLA) (1) Requires periodic visits (work-Comp) for treatment by a health care provider, (2) continues over an extended period of time (4 visits aftercare after MMI), and (3) may cause episodic rather than continuing periods of incapacity (temporary paralysis June 2023 work-comp doctor disregarded information that Plaintiff documented on the last visit and returned Plaintiff to full duty in his notes but did not inform the Plaintiff during visit)! Periodic visits as at least twice a year. Temporary Total Disability (Exhibit #2 The Standard). – TTD is due if your doctor gives you restrictions that employer cannot accommodate but was subsequently denied.

Plaintiff was paid hourly compensation but Barton's volition to terminate Plaintiff was due all earned compensation immediately required by law. Barton lacked due diligence not following Kodiak's handbook termination procedures that could have cured the disregarded termination guidelines. After the status quo denial of employment accommodation, subsequent denial of short-term disability insurance and forcing a cause of action for judicial relief for payment of earned compensation. Especially when Plaintiff had pending work-compensation litigation and because of it the Defendant's actions continued to be noncompliant.

C.R.S. 8-4-104 (1) Provides that wages or compensation be paid at the time of discharge and are due payable immediately because they were fully earned, with cause of action for penalty.

Kodiak Building Partners Handbook - 10. Leaving the company.

> b. Exit Procedures: Knowledge transfer meeting – After receiving confirmation that an employee is leaving the Company; the exiting employee's supervisor should schedule a knowledge transfer meeting with the employee and those that will assist in performing the job duties of the departing employee. This will allow open dialogue needed to ensure that elements of the position will be covered.

Exit Interview – It is the supervisor's responsibility to schedule an exit interview with Human Resources and the existing employee: This exit interview will allow time to:

- Discuss the reasons for the decision of the employee's departure using the exit interview form as guidance.
- Address any benefits concerns such as continuation of insurance coverages, 401K distributions etc.
- Complete the exit checklist and collect company property.
- Arrange for repayment of amounts that may be owed to the company.

## Request for Relief

Your honor, the Defendant's terminated the Plaintiff at will showing futility to accommodate the Plaintiff's work restrictions and embellished at will termination. Looking at the totality of being a great employee, being injured on the job, dealing with the unjust characteristics within the work-comp industry, and my employer's actions knowingly nullified every obligation during and post termination. Plaintiff was terminated with a disability and subsequently denied all employee aspects of compensation due. Life and laws don't always seem fair but at times they can be. My request for relief is the compensation you and law permits.

12) _____

5. Request for Relief

   What do you want the Court to do?

   _Attachment_ —

6. Type of trial: *(Check only one box)*

   ☒ Court trial to the judge
   or
   ☐ Jury trial (if applicable, not all civil trials are entitled to jury, extra fee required)

   **WARNING: ALL FEES ARE NON-REFUNDABLE. IN SOME CASES, A REQUEST FOR A JURY TRIAL MAY BE DENIED PURSUANT TO LAW EVEN THOUGH A JURY FEE HAS BEEN PAID.**

   Note: All Plaintiffs filing this complaint must sign.

   _Wayne Wheels_
   Signature of Plaintiff(s)

   _1521 S. Fairplay Way, Aurora CO 80012_
   Address(es) of Plaintiff(s)

   Telephone Number(s) of Plaintiff(s) _720-404-3187_

\#5

## Request for Relief

Your honor, the Defendant's terminated the Plaintiff at will showing futility to accommodate the Plaintiff's work restrictions and embellished at will termination. Looking at the totality of being a great employee, being injured on the job, dealing with the unjust characteristics within the work-comp industry, and my employer's actions knowingly nullified every obligation during and post termination. Plaintiff was terminated with a disability and subsequently denied all employee aspects of compensation due. Life and laws don't always seem fair but at times they can be. My request for relief is the compensation you and law permits.

*Wayne Wheels*  9-1-2023